UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARVENEL SANON,

    Petitioner,

v.                         Case No: 2:14-cv-618-FtM-29CM

CRAIG HANKS and SECRETARY, DOC,

    Respondents.

_____

**ORDER OF DISMISSAL**

**I.**

This matter comes before the Court upon initial review of the file. Petitioner Darvenel Sanon, who is incarcerated at Moore Haven Correctional Institution, initiated this action proceeding *pro se* by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which he designated as an "Emergency," (Doc. #1) on October 23, 2014. Petitioner also files a supporting memorandum of law (Doc. #2).

The Petition challenges Petitioner's September 24, 2014 disciplinary report and related conviction, which resulted in "punitive confinement" for 60 days and loss of 150 days of gain time. Petition at 2. The Petition does not contain any facts describing what action prompted the disciplinary infraction. Id. Petitioner, however, argues that the disciplinary process violated his right to Due Process protected under the Fourteenth Amendment.

Id.; see also Doc. #2.  Specifically, Petitioner alleges that: (1) he was not allowed to present evidence at the hearing; (2) jail officials failed to allow him 24 hours to prepare his defense; (3) there was inaccurate/incorrect information in the disciplinary report; (4) there was insufficient evidence to sustain the disciplinary conviction; (5) that the disciplinary team failed to comply with procedures; (6) there was an improper investigation; and (7) all information was not in the disciplinary report.  Id. at 2-3.  As a result of the disciplinary infraction, Petitioner asserts he is not eligible for early release on October 1, 2014. Id.  As relief, Petitioner seeks restoration of all gain time, dismissal of the disciplinary report, and immediate release from prison.  Id. at 9.

**II.**

Pursuant to Rule 4, of the Rules Governing Section 2254 Cases in the United States District Courts, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A review of Petitioner's federal case history reveals that he initiated another emergency action challenging the same disciplinary infraction in case number 2:14-cv-613-FtM-29CM.  On October 22, 2014, the Court dismissed the Petition due to

Petitioner's failure to exhaust the claims prior to initiating the federal action. See id. at Doc. #5. The same remains true in the instant action.

A state prisoner who is deprived of gain time as a result of a prison disciplinary proceeding that allegedly violated due process may seek federal habeas review, but such review is governed by restrictions set forth under 28 U.S.C. § 2254. Medberry v. Crosby, 351 F.3d 1049, 1054 (11th Cir. 2003). A petitioner, when asserting grounds that warrant review by a federal court under § 2254, must have first raised such grounds before the state courts, thereby giving the state courts the initial opportunity to address the federal issues. A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. § 2254(b)(1)(A). This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also Duncan v. Henry, 513 U.S. 364, 365-66 (1995). "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v.

Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  See also Pruitt v. Jones, 348 F.3d 1355, 1358-59 (11th Cir. 2003), cert. denied, sub nom. Pruitt v. Hooks, 543 U.S. 838 (2004).  To properly exhaust a claim, a petitioner must present the *same* claim to the state court that he urges the federal court to consider.  A mere citation to the federal constitution is insufficient for purposes of exhaustion.  Anderson v. Harless, 459 U.S. 4, 7 (1983).  "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"  McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

Pursuant to Florida law, any claims Petitioner wishes to pursue pertaining to the alleged false disciplinary report must be filed by a petition for writ of mandamus in the Florida courts. Bush v. State, 945 So. 2d 1207, 1210 (Fla. 2006); see also Case No. 2:14-cv-613, Doc. #5 at 2-3.  A review of the Petition evidences that Petitioner has not done so.  See Petition at 2-3. Additionally, Petitioner state that he pursued his "first appeal" by filing an inmate grievance on September 29, 2014.  Id. at 2. But, recognizes he has not yet received a response to the inmate grievance.  Id. In recognition of the comity between national and state sovereignties in our federal system, this Court will give the State an opportunity to consider and rule first on Petitioner's

claims.  See Rose v. Lundy, 455 U.S. 509 (1982); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that exhaustion is required "in all habeas cases," including those brought under § 2241).

ACCORDINGLY, it is hereby

**ORDERED:**

1. This Petition (Doc. #1) is **DISMISSED** without prejudice for the reasons herein.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __24th__ day of October, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record